**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NORTH AMERICAN CLEARING, INC.,**

   **Plaintiff,**

-vs-                  **Case No. 6:07-cv-1503-Orl-19KRS**

**BROKERAGE COMPUTER SYSTEMS, INC.,**

   **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Defendant Brokerage Computer Systems, Inc.'s Motion For Temporary Restraining Order (Doc. No. 8, filed Nov. 16, 2007);

2. Defendant's Notice Of Filing Materials In Support Of Its Motion For Temporary Restraining Order (Doc. No. 9, filed Nov. 16, 2007);

3. Plaintiff North American Clearing, Inc.'s Response In Opposition To Defendant's Motion For Temporary Restraining Order (Doc. No. 22, filed Dec. 11, 2007); and

4. Plaintiff's Appendix Of Exhibits In Opposition To Defendant's Motion For Temporary Restraining Order (Doc. No. 23, filed Dec. 11, 2007).

## The Pleadings

Plaintiff and Counter-Defendant North American Clearing, Inc. ("NAC" or "Plaintiff") is a clearing broker that services broker dealers by purchasing and selling securities for them. (Doc. No. 1 at p. 1, ¶ 3.) Defendant and Counter-Plaintiff Broker Computer Systems, Inc. ("BCS" or "Defendant") is a California corporation in the business of providing and maintaining computer

securities accounting systems. (Doc. No. 7 at p. 2, ¶ 4.) On approximately January 29, 2004, the parties entered into a Software License Agreement. (Doc. No. 1 at pp. 9-24; Doc. No. 7-2.) Defendant licensed to Plaintiff a single multi-component computer program known as the BCS Securities Management System. (Doc. No. 1 at p. 9; Doc. No. 7-2 at p. 2.) This system included BrokerTrak, Web Based Service, and Trade Interceptor. (Doc. No. 1 at p. 9; Doc. No. 7-2 at p. 2.)

On June 10, 2004, the parties agreed to an Amendment to the Software License Agreement. (Doc. No. 1 at p. 3, ¶ 15; Doc. No. 7 at p. 15, ¶ 4; Doc. No. 7-3.) In this Amendment, the parties agreed to collaborate in an effort to: (1) recode the BrokerTrak software from the programming language Clipper 5.2e to the programming language C++ and (2) convert the Extended Systems Advantage database to the SQL database. (Doc. No. 1 at p. 26; Doc. No. 7-3 at p. 1.) The Amendment further provided that Plaintiff's monthly licensing fee would be reduced by $1,000 "to compensate LICENSEE for assisting LICENSOR in the Recoding Project and the Database Conversion." (Doc. No. 1 at p. 27, ¶ 4; Doc. No. 7-3 at p. 2, ¶ 4.)

Plaintiff brought this action in September of 2007, claiming breach of contract. (Doc. No. 1 at p. 5, ¶ 34.) Plaintiff also sought declaratory relief that it is "permitted to further revise the software, that NAC is entitled to use the revised software in accordance with the terms of the Amendment, and that NAC can utilize the revised software as long as it continues to make payments in accordance with the terms of the Amendment." (*Id.* at pp. 6-7, ¶ B.)

Defendant has denied Plaintiff's claims and asserted twenty-one affirmative defenses. (Doc. No. 7 at pp. 4-14.) Defendant has also brought nine counterclaims against Plaintiff. (*Id.* at pp. 19-41, ¶¶ 15-91.) Defendant alleges: (1) breach of contract; (2) intentional misrepresentation / fraud; (3) negligent misrepresentation; (4) breach of fiduciary duty; (5) conversion; (6) unjust enrichment;

(7) violation of the Lanham Act; (8) a request for permanent injunction; and (9) a request for declaratory relief. (*Id.*)

On November 16, 2007, Defendant filed a Motion for a Temporary Restraining Order seeking to prohibit and restrain Plaintiff from "decompiling, 'reverse engineering,' viewing, copying, modifying, utilizing, making use of, disclosing, misappropriating, converting, stealing and/or selling BCS' software, BCS' old 'Clipper' software, BCS' new BrokerTrak software, BCS' source codes, new C++ software, and BCS' executable program files, until a hearing is held on the motion for preliminary injunction." (Doc. No. 8 at p. 1.) The Court entered an Order that it would treat this Motion as a Motion for a preliminary injunction. (Doc. No. 13.)

Plaintiff filed a Response in Opposition to Defendant's Motion as well as a Motion to Dismiss Defendant's Counterclaims. (Doc. Nos. 20, 22.) In its Response, Plaintiff stated:

> BCS is not entitled to the extraordinary remedy of a Temporary Injunction in this breach of contract dispute. Importantly, NAC is not in monetary default under the Agreement, has not disclosed any confidential or proprietary information to third-parties, has not threatened to disclose any information to third-parties, and the claims asserted by BCS are directly contrary to the clear language of the Amendment. Finally, maintaining the status quo in this case would be to continue to permit NAC to utilize the software it has licensed and paid for.

(Doc. No. 22 at p. 2.) The Court held a hearing on December 18, 2007 to determine whether to grant a preliminary injunction against Plaintiff.

**The Law**

Generally, the purpose of a preliminary injunction is to maintain the status quo until the district court can enter a final decision on the merits of the case. *United States v. DBB, Inc.*, 180 F.3d 1277 (11th Cir.1999). To prevail on its request for injunctive relief, the party seeking the injunction must demonstrate the following: (1) a substantial likelihood of success on the merits; (2)

irreparable injury if the injunction is not issued; (3) that the threatened injury to the party seeking the injunction outweighs the potential damage that the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, will not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005); *McDonalds Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

Because a preliminary injunction is an extraordinary and drastic remedy, such relief is not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. *McDonalds*, 147 F.3d at 1306; *Schiavo ex rel. Schindler*, 403 F.3d at 1231. A party may support its motion for a preliminary injunction by setting forth allegations of specific facts in affidavits. M.D. Fla. R. 4.05(b)(2), 4.06(b)(1). In considering a motion for preliminary injunctive relief, a district court may rely on timely filed affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir.1995); *F.A.C.E. Trading, Inc. v. Famiano*, No. 8:05-cv-1740-T-23TBM, 2006 WL 571723, at *7 n. 6 (M.D. Fla. Mar. 8, 2006); Local Rules 4.05 and 4.06.

**Analysis**

This case presents a contract dispute between Plaintiff and Defendant concerning the scope and effect of their Original Software License Agreement and the Amendment to this Agreement. During the hearing held before this Court on December 18, 2007, both parties raised numerous factual disputes concerning the license agreement and its amendment. Based on the assertions of the parties and the affidavits and evidence of record, there are disputed facts on material issues surrounding the actions of the parties in performing or failing to perform

complex contractual obligations. Resolution of these issues would require credibility considerations which are not appropriate for determination by the Court on a motion for preliminary injunction. Thus, Defendant has failed to demonstrate a substantial likelihood of success on the merits, and the Motion for a Preliminary Injunction must be denied.

### Conclusion

Defendant's Motion for a Temporary Restraining Order, treated as a Motion for a Preliminary Injunction, is **DENIED**. (Doc. No. 8.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 18, 2007.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record