UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NORTH AMERICAN CLEARING, INC.,**

    **Plaintiff/Counterdefendant,**

-vs-                                                                           Case No.  6:07-cv-1503-Orl-19KRS

**BROKERAGE COMPUTER SYSTEMS, INC.,**

    **Defendant/Counterclaimant.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Stay Proceedings by Peter J. Anderson, Esq., Receiver Over Plaintiff/Counterdefendant North American Clearing, Inc. (Doc. No. 56, filed July 17, 2008); and

2. Opposition to Receiver for North American Clearing, Inc.'s Motion to Stay Proceedings (DE 56) by Defendant/Counterclaimant Brokerage Computer Systems, Inc. (Doc. No. 57, filed July 18, 2008).

### Background

Plaintiff and Counterdefendant North American Clearing, Inc. ("NAC") is a clearing broker that services broker dealers by purchasing and selling securities for them. (Doc. No. 1 at 1, ¶ 3, filed Sept. 21, 2007.) Defendant and Counterclaimant Broker Computer Systems, Inc. ("BCS") is a California corporation in the business of providing and maintaining computer securities accounting systems. (Doc. No. 7 at 2, ¶ 4, filed Nov. 16, 2007.) On approximately January 29, 2004, the parties entered into a Software License Agreement. (Doc. No. 1 at 9-24; Doc. No. 7-2.) BCS licensed to

NAC a single multi-component computer program known as the BCS Securities Management System. (Doc. No. 1 at 9; Doc. No. 7-2 at 2.) In September of 2007, NAC brought a breach of contract action against BCS arising out of this licensing agreement. (Doc. No. 1 at 5, ¶ 34.) BCS denied NAC's claims, asserted twenty-one affirmative defenses, and brought nine counterclaims against NAC. (Doc. No. 7 at 4-14, 19-41.) Four counterclaims remain pending before this Court. (Doc. No. 40, filed Feb. 15, 2008.)

On May 27, 2008, the Securities and Exchange Commission brought an action in this District against NAC and several individual defendants alleging violations of the Securities and Exchange Act. *Sec. & Exch. Comm'n v. N. Am. Clearing, Inc.*, No. 6:08-cv-829-28KRS (Doc. No. 1, filed May 27, 2008). A Receiver, Peter J. Anderson, Esq., was appointed over NAC that same day. *Id.* (Doc. No. 12, filed May 27, 2008).

On July 17, 2008, Mr. Anderson filed a Motion with this Court to stay the instant proceedings for at least sixty (60) days. (Doc. No. 56.) BCS opposed this Motion, stating that "such a request is premature and . . . there is nothing before this Court to justify granting such a request." (Doc. No. 57 at 1.) BCS felt that the Court should "postpone any continuance until the Receiver's report is distributed and/or some basis for a stay is provided." (*Id.* at 2.)

Neither Mr. Anderson nor BCS has provided the Court with an update of the proceedings in case number 6:08-cv-829-28KRS. The Court's own research reveals that Mr. Anderson filed the First Receiver's Report on July 22, 2008. *Sec. & Exch. Comm'n v. N. Am. Clearing, Inc.*, No. 6:08-cv-829-28KRS (Doc. No. 70, filed July 22, 2008). Judge Antoon of this District has since issued an Order which states that:

> [A]ll persons and entities are notified that, subject to the other provisions of 11 U.S.C. § 362, the automatic stay provisions of 11 U.S.C. § 362(a) operate as a stay of:
>
> A. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative[,] or other proceeding against the Defendant that was or could have been commenced before the commencement of this proceeding, or to recover a claim against the Defendant that arose before the commencement of this proceeding; . . .
>
> * * *
>
> F. any act to collect, assess[,] or recover a claim against the Defendant that arose before the commencement of this proceeding; . . .

*Id.* (Doc. No. 75 at 2, filed July 28, 2008).

Since the instant case involves claims against NAC as a Counterdefendant, Judge Antoon's Order applies to these claims. Therefore, Mr. Anderson's Motion to stay the proceedings must be granted.

### Conclusion

Based on the foregoing, the Motion to Stay Proceedings by Peter J. Anderson, Esq., Receiver Over Plaintiff/Counterdefendant North American Clearing, Inc. (Doc. No. 56, filed July 17, 2008) is **GRANTED**. This case is **STAYED** pursuant to the July 28, 2008 Order at Docket Number 75 in Case Number 6:08-cv-829-28KRS.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 5__, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record