# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NORTH AMERICAN CLEARING, INC.,**

      **Plaintiff,**

-vs-                                        **Case No. 6:07-cv-1503-Orl-19KRS**

**BROKERAGE COMPUTER SYSTEMS, INC.,**

      **Defendant.**

_____

**BROKERAGE COMPUTER SYSTEMS, INC.,**

      **Plaintiff,**

-vs-                                        **Case No. 6:08-cv-1567-Orl-19KRS**

**RICHARD L. GOBLE,**

      **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Attorneys' Fees and Costs by Defendant Richard L. Goble (Doc. No. 155, filed Oct. 16, 2009);

2. Report and Recommendation on Defendant Richard Goble's Motion for Attorneys' Fees and Costs (Doc. No. 165, filed Dec. 29, 2009);

3. Objections to Report and Recommendation by Defendant Richard L. Goble (Doc. No. 168, filed Jan. 4, 2010); and

4. Opposition to Defendant Richard L. Goble's Objections to Report and Recommendation. (Doc. No. 169, filed Jan. 11, 2010.)

**Background**

**I. Procedural History**

Plaintiff Brokerage Computer Systems, Inc. ("BCS") was originally a defendant in a case brought by North American Clearing, Inc. ("NAC") alleging breach of contract and seeking declaratory relief. (Doc. No. 1, filed Sept. 21, 2007.) On September 3, 2008, the Court stayed the case after NAC became the subject of a bankruptcy liquidation proceeding. (Doc. No. 60, filed Sept. 3, 2008).

On September 11, 2008, BCS filed suit against individual corporate officers of NAC, including Defendant Richard Goble, alleging breach of contract, conversion, false designation of origin in violation of the Lanham Act, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Case No. 6:08-cv-1567-Orl-19KRS, Doc. No. 1.) Because both cases arose from the same contract and involved common questions of law and fact, the Court consolidated the two cases. (Doc. No. 63, filed Oct. 23, 2008.)

On July 24, 2009, Goble filed a motion for summary judgment on all claims brought against him by BCS. (Doc. No. 107.) On October 5, 2009, the Court granted Goble's summary judgment motion, (Doc. No. 152), and judgment was entered in Goble's favor. (Doc. No. 162, filed Nov. 16, 2009.) On October 16, 2009, Goble filed the instant motion for attorney's fees and costs. (Doc. No. 155.) BCS did not respond in opposition. On December 29, 2009, the United States Magistrate Judge issued a Report and Recommendation that the Court deny Defendant Goble's Motion for Attorneys' Fees and Costs. (Doc. No. 165 at 9.) Goble timely filed written objections to the Report

and Recommendation, arguing that his Motion for Attorney's Fees should have been granted as unopposed, and, alternatively, he should have been awarded attorneys' fees pursuant to (1) the licensing agreement between BCS and Advantage Trading Group, Inc., NAC's predecessor ("Agreement"), (2) Section 501.2105, Florida Statutes (2009), the attorneys' fees provision of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and (3) 15 U.S.C. § 1117(a), the attorneys' fees provision of the Lanham Act. (Doc. No. 168.) BCS filed a response in opposition. (Doc. No. 169.)

**Standard of Review**

**I. Motion for Attorney's Fees**

Under the American Rule, which is the controlling rule in Florida and Federal courts, a prevailing party is ordinarily not entitled to recover attorney's fees except by contract or statute. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004).

**II. Objection to a Report and Recommendation of a United States Magistrate Judge**

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not

a general objection to the report." *Id.* at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). "The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added). Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* Local Rule 6.02.

**Analysis**

**I. The Granting of Goble's Motion for Attorney's Fees as Unopposed**

The Magistrate denied each of Goble's requests for attorneys' fees. (Doc. No. 165 at 9.) Goble argues that because BCS did not respond in opposition to his Motion for Attorneys' Fees, the Magistrate was required to grant the Motion as unopposed. (Doc. No. 168 at 4.) BCS maintains that Goble must prove that he is entitled to attorneys' fees regardless of whether BCS filed a response in opposition to his Motion for Attorneys' Fees. (Doc. No. 169 at 1.)

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Further, requiring the moving party to prove that it is entitled to attorneys' fees even when its motion for attorneys' fees is unopposed aligns with the American Rule for attorneys' fees, under which a prevailing party is ordinarily not entitled to recover attorney's fees except by contract

or statute. *See Alyeska Pipeline Serv. Co.*, 421 U.S. at 257; *Price*, 890 So. 2d at 250. Goble does not cite, and the Court does not find, any authority to the contrary.[1] Accordingly, the Magistrate properly addressed the merits of Goble's Motion for Attorneys' Fees even though BCS did not file a response in opposition.

## II. Attorneys' Fees Pursuant to the Agreement

The Magistrate held that Goble was not entitled to attorneys' fees under Section 8.06 of the Agreement because he was not a party to the Agreement. (Doc. No. 165 at 4-5.) Goble objects to the Magistrate's finding, arguing that although he is not a party to the contract,[2] he is entitled to attorney's fees because BCS would have been entitled to attorneys' fees pursuant to Section 8.06 of the Agreement had it prevailed against Goble on its claim to pierce the corporate veil and hold Goble personally liable for breaches of the Agreement by NAC. (Doc. No. 168 at 4-8.) BCS maintains that Florida law governs the Agreement and that there is no legal authority for Goble's argument under Florida law. (Doc. No. 169 at 2.)

Section 8.06 of the Agreement states as follows:

---

[1] Goble cites *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840 (11th Cir. 2004), but this case is not on point. It merely holds that arguments not properly raised in an appellate brief are deemed waived. *Id.* at 847 n.4. Goble also quotes *Kirkland v. County Comm'n of Elmore County, Ala.*, No. 2:08cv86-MEF, 2009 WL 596538 (M.D. Ala. Mar. 6, 2009), an unpublished memorandum opinion which states that "the failure of a party to respond or oppose a pending motion *may* constitute an abandonment of the claims at issue in that motion." *Id.* at *2 (emphasis added). Notably, the court in *Kirkland* used the term "may," connoting that a court is not required to grant all unopposed motions. This definition of "may" aligns with the result in *Kirkland*, as the court granted the moving party's unopposed motion to dismiss and reserved ruling on the moving party's unopposed request for attorneys' fees. *Id.* Therefore, *Kirkland* does not support Goble's argument that this Court must grant the Motion for Attorneys' Fees which is unopposed.

[2] It is undisputed that Goble signed the Agreement in his corporate capacity as the President of Advantage Trading Group, not in his individual capacity, and thus he is not a party to the Agreement. (Doc. No. 165 at 4; Doc. No. 168 at 6; Doc. No. 169 at 2.)

-5-

> Attorney's Fees: If any legal action or arbitration is necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party may be entitled. This provision shall be construed as applicable to the entire agreement.

(Doc. No. 155-1 at 13.) The Agreement is governed by Florida law pursuant to Section 8.08. (*Id.*) In Florida, the intention of the parties governs the construction of a contract. *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1012 (11th Cir. 1998) (citing *Mayflower Corp. v. Davis*, 655 So. 2d 1134, 1137 (Fla. 4th DCA 1994)). Florida law also provides that "[u]nder established principles of contract construction, attorney's fee provisions must be strictly construed, and each claim which purportedly gives rise to a fee should be assessed individually." *Bay Lincoln-Mercury-Dodge, Inc. v. Transouth Mortgage Corp.*, 531 So. 2d 1027, 1027 (Fla. 1st DCA 1988). Accordingly, "[t]he right to attorney's fees under any contractual provision is limited by the terms of such provision." *Id.* at 1028.

Because it is undisputed that Goble is not a party to the Agreement, *supra* note 2, the terms "party" and "prevailing party" refer only to BCS and Advantage Trading Group, Inc., and Goble is not entitled to attorneys' fees pursuant to the plain meaning of Section 8.06 of the Agreement. However, Goble argues that he is entitled to attorneys' fees under Section 8.06 as a prevailing non-party because BCS would have been entitled to attorneys' fees from Goble pursuant to Section 8.06 the Agreement had BCS prevailed on its claim to pierce the corporate veil and hold Goble personally liable. (Doc. No. 168 at 6-7.) The cases cited by Goble in support of this argument apply the California and Oregon reciprocity statutes which allow the prevailing party in a contract dispute to recover attorneys' fees pursuant to the contract even if the prevailing party is not a party to the contract. *See, e.g.*, *Pueblo Radiology Med. Group, Inc. v. Gerlach*, 77 Cal. Rptr. 3d 880, 881-82

(Cal. Ct. App. 2008) (citing Cal. Civ. Code. § 1717[3]); *Golden W. Insulation, Inc. v. Stardust Inv. Corp.*, 615 P.2d 1048, 1057 (Or. App. 1980) (quoting Or. Rev. Stat. § 20.096(1)[4]). This Court lacks authority to override the parties' intent that the Agreement be controlled by Florida law by applying the law of other jurisdictions. *See Precision Tune Auto Care, Inc. v. Radcliffe*, 815 So. 2d 708, 710 (Fla. 4th DCA 2002) (finding "no Florida policy which would override the parties' ability to freely contract on the issue of attorney's fees"). Accordingly, Goble's argument must be rejected because it asks the Court to apply Oregon and California law to the provisions of the Agreement. (Doc. No. 155-1 at 13.)

Florida's reciprocity statute, Section 57.105(7), Florida Statutes (2009), is not as broad as the California and Oregon reciprocity statutes, as it applies only if both parties to the lawsuit are parties to the contract:

---

[3] Cal. Civ. Code. § 1717(a) states in part:

In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, *whether he or she is the party specified in the contract or not*, shall be entitled to reasonable attorney's fees in addition to other costs.

(emphasis added).

[4] Or. Rev. Stat. § 20.096(1) provides:

In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, *whether that party is the party specified in the contract or not*, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements.

(emphasis added).

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

*See, e.g.*, *Escambia County v. U.I.L. Family Ltd. P'ship*, 977 So. 2d 716, 716-17 (Fla. 1st DCA 2008); *Lanahan Lumber Co. v. McDevitt & Street Co.*, 611 So. 2d 591, 592 n.1 (Fla. 4th DCA 1993)). Because Goble is not a party to the contract, Florida's reciprocity statute does not apply. Accordingly, Goble should not be awarded attorneys' fees pursuant to Section 8.06 of the Agreement.

## III. Attorneys' Fees Pursuant to FDUTPA

The Magistrate denied Goble's request for attorneys' fees under FDUTPA pursuant to § 501.2105, Florida Statutes (2009), because Goble did not discuss any of the factors that may justify an award of attorneys' fees or demonstrate that his attorneys expended any meaningful time defending BCS's FDUTPA claim. (Doc. No. 165 at 6.) Goble objected to the Magistrate's finding by reprinting nearly verbatim the arguments made in his Motion for Attorneys' Fees which the Magistrate rejected in the Report and Recommendation.[5] (*Compare* Doc. No. 155 at 5-6, *with* Doc. No. 165 at 10-11.)

By merely reprinting verbatim the arguments made in his Motion for Attorneys' Fees, Goble has failed to "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *See Macort v. Prem, Inc.*, 208 F. App'x at 785 (holding that merely reciting language from a previous order of the court or failing to

---

[5] Goble added one sentence to his initial argument: "Since BCS failed to oppose Goble's Motion, there should have been an award of fees under FDUTPA." (Doc. No. 168 at 11.) The issue raised by this sentence was addressed *supra* part I.

set forth the applicable law is not a specific objection to anything in the report and recommendation that would trigger de novo review by the district court). Goble's actions are akin to lodging a general objection to the Magistrate's report, which is insufficient to trigger review by this Court. *Id.*; *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*.") (emphasis added). Because on its *de novo* the Court finds no valid objection to the Magistrate's recommendation to award no attorneys' fees pursuant to Section 501.2105, Florida Statutes, this portion of the Report and Recommendation will not be disturbed.

**IV. Attorneys' Fees Pursuant to 15 U.S.C. § 1117(a)**

The Magistrate concluded that there was no evidence of bad faith by BCS, and thus attorneys' fees should not be awarded to Goble on BCS's Lanham Act claim pursuant to 15 U.S.C. § 1117(a). (Doc. No. 165 at 8.) Goble objects to the Magistrate's finding, arguing that attorneys' fees should be awarded pursuant to 15 U.S.C. § 1117(a) because BCS had no factual basis to make any of the allegations against Goble. (Doc. No. 168 at 8.)

Section 1117(a) permits an award of attorneys' fees to the prevailing party in "exceptional cases" arising under the Lanham Act. "[A]n exceptional case is one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001). Applying that standard, "an award of attorney's fees to a prevailing defendant may be justified when a plaintiff has brought an obviously weak Lanham Act claim and the evidence shows that the plaintiff acted in bad faith and with an improper motive." *Welding Servs., Inc. v. Forman*, 301 F. App'x 862, 862-63 (11th Cir. 2008) (citing *Tire Kingdom*, 253 F.3d at 1336). Even if a court finds that the

circumstances of the case are exceptional, the decision whether to award attorneys' fees is discretionary. *Dieter v. B & H Indus. of Sw. Fla., Inc.*, 880 F.2d 322, 329 (11th Cir. 1989).

The record reflects that BCS's Lanham Act claim against Goble was obviously weak. (*See* Doc. No. 152 at 16-17 (granting summary judgment for Goble on BCS's Lanham Act claim because it was abandoned by BCS and because it was not supported by any evidence in the record).) However, for a case to be exceptional, the Court must also find "bad faith and improper motive." *Welding Servs., Inc.*, 301 F. App'x at 863. The record shows that BCS brought a Lanham Act claim against Goble because BCS learned that Goble was named as an individual defendant in an SEC Complaint alleging that Goble engaged in fraudulent acts involving NAC and which resulted in the misuse of NAC's assets. (Doc. No. 48 at 7-10.) Other than mere speculation, Goble does not offer, and the Court does not find, any evidence in the record that BCS's decision to bring a Lanham Act claim against Goble was improperly motivated or made in bad faith. Accordingly, attorneys' fees should not be awarded to Goble under 15 U.S.C. § 1117(a).

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Objection to Report and Recommendation by Richard L. Goble (Doc. No. 168) is **OVERRULED,** and the Report and Recommendation of the United States Magistrate Judge (Doc. No. 165) is **ADOPTED** and **AFFIRMED**.

2. The Motion for Attorneys' Fees and Costs by Richard L. Goble (Doc. No. 155) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 4, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record